# EXHIBIT A

E-FILED IN OFFICE - J
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06839-S3**
**11/29/2022 1:58 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAVID ELKINS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JANK KROW TRUCKING, LLC and<br>CONTINENTAL DIVIDE INSURANCE<br>COMPANY and EVONDALE ROSE<br><br>　　　　Defendants. | **JURY TRIAL DEMANDED**<br><br>22-C-06839-S3<br><br>CIVIL ACTION<br>FILE NO. _____ |

## COMPLAINT

COMES NOW David Elkins, Plaintiff, and makes and files this complaint against Defendants Jank Krow Trucking, LLC, Continental Divide Insurance Company and Evondale Rose as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and resides in this state, and is subject to the jurisdiction of this court.

2.

Defendant Jank Krow Trucking, LLC ("Jank Krow Trucking") is a foreign corporation, existing under the laws of the State of Florida, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Kertis Rose at 31 Pecan Pass in Ocala, Florida 34472 and is subject to the jurisdiction of this court.

3.

Defendant Continental Divide Insurance Company ("Continental Divide") is a foreign corporation, existing under the laws of the State of Colorado, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Andrea Conarro at 439 South Park Street, Unit A, Dahlonega, Georgia 30533 and is subject to the jurisdiction of this court.

4.

Defendant Evondale Rose ("Rose") is a citizen of the State of Florida and resides in this state, and may be served with a copy of the Summons and Complaint at his home address of 4 Hickory Loop Terrace in Ocala, Florida 34472 and is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about April 25, 2021, Defendant Rose was driving a tractor-trailer northbound on I-75 in Butts County, Georgia when the driver side tractor wheels on the rear axle came off the vehicle.

7.

At that time, Plaintiff was on the shoulder of the road loading a disabled vehicle onto his tow truck.

8.

One of the wheels from Defendant's tractor-trailer struck Plaintiff.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT I – NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Rose was negligent in failing to conduct an appropriate pre-trip inspection of his vehicle, in failing to recognize that there was a problem with the wheels on his tractor and in failing to properly inspect and maintain the wheels on the tractor during the trip.

12.

Defendant Rose was negligent in driving a vehicle with a mechanical problem that he knew or should have known existed.

13.

Defendant's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Rose was working for Defendant Jank Krow Trucking.

16.

At the time of the subject collision, Defendant Rose was acting within the scope of his employment with Defendant Jank Krow Trucking.

17.

Defendant Jank Krow Trucking is responsible for the actions of Defendant Rose in regard to the collision described in this complaint under the doctrine of respondeat superior, lease liability and/or agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Jank Krow Trucking was negligent in hiring Defendant Rose and entrusting him to drive a commercial vehicle.

20.

Defendant Jank Krow Trucking was negligent in failing to properly train Defendant Rose.

21.

Defendant Jank Krow Trucking was negligent in failing to properly supervise Defendant Rose.

22.

Defendant Jank Krow Trucking's negligence in hiring Defendant Rose and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's injuries.

## COUNT IV – NEGLIGENT INSPECTION, REPAIR AND MAINTENANCE

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendants were negligent in failing to properly inspect, repair and maintain the wheels on the tractor at issue in this litigation.

25.

Defendants' negligence was the proximate cause of the wheels coming off the tractor and striking Plaintiff.

26.

As a result of Defendants' negligence, Plaintiff suffered severe and permanent injuries.

## COUNT V – DIRECT ACTION

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

Defendant Continental Divide is subject to a direct action as the insurer for Defendant Jank Krow Trucking pursuant to O.C.G.A. § 40-2-140.

36.

Defendants' negligence is the sole and proximate cause of these injuries.

## COUNT VII – PUNITIVE DAMAGES

37.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover for past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff recover for his past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That the Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff recover such other and further relief as is just and proper

This 29th day of November 2022.

*Signatures on following page*

29.

Defendant Continental Divide was the insurer of Defendant Jank Krow Trucking at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

30.

Defendant Jank Krow Trucking and Defendant Jank Krow Trucking are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

31.

Defendant Continental Divide is responsible for any judgment rendered against Defendant Jank Krow Trucking.

## COUNT VI – DAMAGES

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

As a result of Defendants' negligence, Plaintiff suffered multiple orthopedic injuries requiring surgery and a closed head injury.

34.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

35.

As a result of Defendants' negligence, Plaintiff has suffered immensely and will continue to suffer and has a claim for past and future pain and suffering.

Respectfully Submitted,

**FRIED GOLDBERG LLC**

By: *Michael L. Goldberg*
**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J.D. ROGERS**
Georgia Bar No. 100081

3550 Lenox Road, N.E.
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@friedgoldberg.com
Email: Eric@friedgoldberg.com

**SULLIVAN& OGLETREE, P.C.**

By: *Samuel H. Sullivan*
**SAMUEL H. SULLIVAN**
Georgia Bar No. 691715

743 South Hill Street
Griffin, Georgia 30224
(770) 227-8806
Fax: (770) 227-5844
Email: ssopc@bellsouth.net

*Attorneys for Plaintiff*

- 8 -